# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-41005
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERNESTO ARTURO AVILES-PUENTE,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-841-1

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2019

Lyle W. Cayce
Clerk

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Ernesto Arturo Aviles-Puente pleaded guilty, without a plea agreement, to conspiracy to transport an undocumented alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(I), and transportation, and attempted transportation, of an undocumented alien for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). He was sentenced to, *inter alia*, a within-Sentencing Guidelines range of 108-months' imprisonment. He

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-41005

challenges the court's application of two sentencing enhancements: Guideline § 2L1.1(b)(6), for an "offense involv[ing] intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person"; and Guideline § 2L1.1(b)(7)(D), for an offense resulting in death. The parties dispute the applicable standard of review.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If, however, Aviles raises an objection for the first time on appeal, or raises an objection that is different from the one raised in district court, review is only for plain error. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (citation omitted); *United States v. Juarez*, 626 F.3d 246, 253–54 (5th Cir. 2010) (citation omitted). We need not decide between these two standards because Aviles has shown no error in connection with the enhancements. *See United States v. Mesquiti*, 854 F.3d 267, 275 (5th Cir. 2017) (noting the court "need not determine the applicable standard of review" when appellant "fails to establish reversible error even under the less demanding . . . standard").

In determining whether the Guideline § 2L1.1(b)(6) enhancement is warranted, courts do not apply bright-line rules but "must engage in a fact-specific inquiry". *United States v. Maldonado-Ochoa*, 844 F.3d 534, 537 (5th

2

Cir. 2016) (internal quotation marks and citation omitted).  The focus of the inquiry is "whether the defendant's conduct posed inherently dangerous risks to the aliens being transported".  *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir.) (internal quotation marks, alteration, and citation omitted), *cert. denied*, 139 S. Ct. 278 (2018).  "The actual results of the defendant's conduct are irrelevant."  *Id.* (citation omitted).

Aviles asserts the court improperly applied the enhancement by relying solely on the notion that transporting aliens across the Rio Grande necessarily and always involves subjecting the aliens to a substantial risk of death or serious bodily injury, instead of on specific facts in this case, contravening this court's holding in *United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008) (requiring that courts "look at the specifics of the situation", and prohibiting "the implication of a *per se* rule", in applying the enhancement).  The record reflects, however, that the court adopted the presentence investigation report, which provided specific facts surrounding the river-crossing.  The court recounted those facts at sentencing.

For the Guideline § 2L1.1(b)(7)(D) enhancement to apply, "defendant's conduct must simply be the but-for cause of the death, not its proximate cause".  *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019) (citation omitted).  "But-for causation requires the government to show merely that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct."  *Id.* (internal quotation marks and citation omitted).  "This is not a difficult burden to meet", because it "asks simply whether the outcome would have occurred in the absence of the action".  *Id.* (internal quotation marks and citations omitted).  There may be, therefore, many but-for causes of an event.  *Id.* (citation omitted).

No. 18-41005

Aviles contends that the two aliens' inability to swim served as the but-for cause of their deaths. It is true the aliens' inability to swim was a but-for cause of their deaths. They, however, would not have been in the river but-for the river-guides' decision to smuggle them across the river. The river-guides' conduct, attributed to Aviles by the court under Guideline § 1B1.3(a)(1)(B) (providing for attribution to coconspirators in "a jointly undertaken criminal activity" when the attributed conduct is "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity"), was, therefore, also a but-for cause of the deaths.

AFFIRMED.